IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TARA SANDERS**                                                                                 **PLAINTIFF**

**V.**                                                                              **NO. 4:22-CV-164-DMB-DAS**

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY,
et al.**                                                                 **DEFENDANTS**

**OPINION AND ORDER**

Following Allstate Vehicle and Property Insurance Company's removal of this action to federal court alleging improper joinder, Patrick W. Thimmes and Patrick Thimmes Insurance Agency, LLC, the two non-diverse defendants, moved to dismiss Tara Sanders' claims against them, and Sanders moved to remand. Because Sanders has not shown a possibility of recovery against the non-diverse defendants, the claims against the non-diverse defendants will be severed and remanded to state court, the motion to dismiss will be denied without prejudice, and the motion to remand the entire case will be denied.

**I
Procedural History**

On September 21, 2022, Tara Sanders filed a complaint in the Circuit Court of Coahoma County, Mississippi, against Allstate Vehicle and Property Insurance Company; Patrick W. Thimmes; Patrick Thimmes Insurance Agency, LLC ("Agency"); and "John Does 1-5." Doc. #2. The complaint contains two counts—"Count I: Breach of Contract by Defendants" and "Count II: Bad Faith Refusal to Pay by Defendants"—and seeks punitive and compensatory damages; "pre- and post-judgment interest and attorney's fees;" and "other non-economic damages … including, but not limited to, emotional distress." *Id.* at PageID 25–27.


Allstate, alleging diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on October 21, 2022. Doc. #1. Specifically, Allstate alleges it is incorporated and has its principal place of business in Illinois; Sanders is a Mississippi citizen; and although Thimmes and the Agency "are citizens of, and incorporated to do business in the state of, Mississippi, their citizenship should be disregarded for purposes of determining the existence of diversity jurisdiction." *Id.* at 1–2, 3.

Thimmes and the Agency filed a joint motion to dismiss for failure to state a claim on October 28, 2022. Doc. #5. Sanders filed a response.[1] Doc. #9. Thimmes and the Agency filed a joint reply. Doc. #14.

On November 1, 2022, Sanders filed a motion to remand the entire case to state court. Doc. #7. Allstate filed a response. Doc. #16. Sanders did not reply.[2]

## II
## Jurisdiction

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity "requires that all persons on one side of the controversy be citizens of different

---

[1] In violation of the Local Rules, Sanders did not file a separate memorandum brief with her response. L.U. Civ. R. 7(b)(4) ("Counsel for respondent must … file a response *and memorandum brief* in support of the response.") (emphasis added).

[2] Allstate filed a motion to dismiss Sanders' bad faith claim on November 9, 2022. Doc. #10. The Court will address Allstate's motion by separate order.

2

states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

There is no dispute that complete diversity is lacking because Sanders, Thimmes, and the Agency are all citizens of Mississippi. *See* Doc. #1 at 1–2. But Allstate asserts diversity jurisdiction exists because "[t]he citizenship of Thimmes (and the … Agency) should be disregarded" since they were improperly joined. *Id.* at 3. In moving to remand, Sanders argues "the non-diverse parties in this action are not fraudulently misjoined and/or improperly joined, as the claims asserted against the Defendants arise out of the same transaction or occurrence and there are questions of law and/or fact common to all Defendants."[3] Doc. #8 at 2.

### A. Improper Joiner

Although diversity jurisdiction typically requires complete diversity between the parties, improper joinder[4] represents a "narrow exception" to the rule. *Vaillancourt*, 771 F.3d at 847. Under the doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphasis omitted). A defendant is improperly joined when "there is no reasonable basis … to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The removing party bears the burden of establishing improper joinder. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

---

[3] The Fifth Circuit has not adopted "any … form of the fraudulent misjoinder doctrine." *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 815 (5th Cir. 2021).

[4] While case law uses both the terms "improper" and "fraudulent" joinder, "'improper joinder' is preferred." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

diverse party in state court." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017). Only the second approach is involved here. Under the second approach, "the defendant must demonstrate that there is no possibility of recovery against the in-state or non-diverse defendant." *Id.* (internal quotation marks omitted). To determine whether there is a possibility of recovery, "[t]he Court should apply a Federal Rule of Civil Procedure 12(b)(6) standard; if the complaint is sufficient to state a claim, there is no improper joinder." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018).

The Rule 12(b)(6) standard requires a complaint to "present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1150 (5th Cir. 2021). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* If a complaint alleges a claim that satisfies this standard "but has misstated or omitted discrete facts that would determine the propriety of joinder[,] the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Cumpian*, 910 F.3d at 220 (cleaned up) (quoting *Smallwood*, 385 F.3d at 573).

### B. Factual Allegations

Tara Sanders and her family moved into a dwelling at 206 Catalpa Street, Clarksdale, Mississippi, in June or July 2021. Doc. #2 at PageID 24. Sanders "purchased insurance from Allstate for her home … for the following applicable policy period: September 9, 2021 to September 9, 2022." *Id.* at PageID 23. According to the "Amended House & Home Policy

4

Declarations" listing the details of the policy, the insurance policy was provided by "Allstate Vehicle and Property Insurance Company;" the "Allstate agency [was] Patrick Thimmes;" the "policy [was] binding with the countersignature of an authorized Allstate … agent;" and the "[p]olicy [was] countersigned by Patrick Thimmes."[5] *Id.* at PageID 30, 33. "The policy of insurance provided coverage that would indemnify [Sanders], up to the policy limits of coverage, for fire and fire-related damage to [the] dwelling and loss of personal property." *Id.* at PageID 24.

"On or about October 24, 2021, the dwelling sustained severe fire and fire-related damage. The dwelling was a total loss[ and Sanders] and her family lost the vast majority of their personal property." *Id.* Sanders "reported the loss to Allstate" and "cooperated with the investigation performed by Allstate, its employees or agents." *Id.* Although Sanders "repeatedly made demand for coverage/payment for the loss of her real and personal property," the "[d]efendants have steadfastly refused payment." *Id.*

### C. Analysis

Sanders argues "there is plainly a distinct litigable event linking the parties [because e]ach of the named Defendants is a party in the contract," as "Thimmes and his employer, [the Agency], are literal countersigners to the insurance contract." Doc. #8 at 7, 8.

Allstate responds that (1) the complaint "does not allege that either Thimmes or any representative of [the Agency] investigated her claim, or engaged in any other affirmative act aside from signing a document" to support Sanders' claim against them, and (2) because "Mississippi law is clear that an agent for a disclosed principal cannot incur contractual liability" and Thimmes

---

[5] *See Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (documents attached to the complaint become "part of [the] complaint for all purposes").

5

and the Agency "are not parties to the contract for insurance between Allstate and [Sanders]," they cannot be held liable for any breach of the contract or bad faith failure to pay. Doc. #17 at 7.

Under Mississippi law,[6] "[a]n agent for a disclosed principal is not a party to the principal's contract and incurs no liability under the contract, absent fraud." *Kirby v. Shelter Ins. Co.*, No. 2:19-cv-195, 2020 WL 886945, at *4 (S.D. Miss. Feb. 24, 2020) (citing *Thompson v. Nationwide Mut. Ins. Co.*, 971 F. Supp. 242, 243 (N.D. Miss. 1997)); *see Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989) (corporation shareholders/agents "whose actions for the corporation offended the corporation's obligations under the lease agreement" that was the basis of the suit incurred "no individual liability" "[a]s agents for a disclosed principal"). While Sanders argues that by countersigning the contract, Thimmes and the Agency became parties to the contract,[7] countersign means "[t]o write one's own name next to someone else's to verify the other signer's identity." *Countersign*, BLACK'S LAW DICTIONARY (11th ed. 2019). Instead of binding Thimmes to the contract, his countersignature verified the identity of the Allstate signatories. And Sanders does not allege any facts to otherwise support the conclusion that Thimmes and the Agency are parties to the contract rather than agents for a disclosed principal. Thus, she has failed to state a claim against Thimmes and the Agency and, consequently, they are improperly joined.

"Once a court has found improper joinder, it may sever the non-diverse defendant and remand those claims." *Magsby v. Allstate Vehicle and Property Ins. Co.*, No. 4:20-cv-22, 2020 WL 2812827, at *3 (N.D. Miss. May 29, 2020) (internal alterations omitted). Because the Court has found that Thimmes and the Agency were improperly joined, it will sever and remand the

---

[6] Mississippi law applies because "[w]here federal jurisdiction is premised on diversity of citizenship, a federal court applies the substantive law of the forum state." *Pham v. TransAmerica Premier Life Ins. Co.*, 20 F.4th 921, 924 (5th Cir. 2021).

[7] Doc. #8 at 7 (citing Doc. #2 at PageID 33).

claims against them. Because after severance there is complete diversity between Sanders and Allstate, Sanders' motion to remand the entire case will be denied.

### III
### Motion to Dismiss

Having determined that Thimmes and the Agency were improperly joined and that the claims against them will be severed and remanded, their motion to dismiss will be denied without prejudice.

### IV
### Conclusion

Sanders' claims against Thimmes and the Agency are **SEVERED** and **REMANDED** to the Circuit Court of Coahoma County, Mississippi. Thimmes and the Agency's motion to dismiss [5] is **DENIED without prejudice**. Sanders' motion to remand the entire case [7] is **DENIED**.

**SO ORDERED**, this 3rd day of March, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**