**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TARA SANDERS**                                                                                  **PLAINTIFF**

**V.**                                                                              **NO. 4:22-CV-164-DMB-DAS**

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY,
et al.**                                                                                      **DEFENDANTS**

**<u>OPINION AND ORDER</u>**

Tara Sanders sued Allstate Vehicle and Property Insurance Company, among others, alleging various claims after Allstate denied insurance coverage for fire damage to her property. Allstate has moved to dismiss only Sanders' bad faith claim against it. Because Sanders' complaint fails to allege any facts to support a bad faith claim against Allstate, the motion will be granted but Sanders will be allowed the opportunity to seek leave to amend.

**I
<u>Procedural History</u>**

On September 21, 2022, Tara Sanders filed a complaint in the Circuit Court of Coahoma County, Mississippi, against Allstate Vehicle and Property Insurance Company; Patrick W. Thimmes; Patrick Thimmes Insurance Agency, LLC ("Agency"); and "John Does 1-5." Doc. #2. The complaint contains two counts—"Count I: Breach of Contract by Defendants" and "Count II: Bad Faith Refusal to Pay by Defendants"—and seeks punitive and compensatory damages; "pre- and post-judgment interest and attorney's fees;" and "other non-economic damages … including, but not limited to, emotional distress." *Id.* at PageID 25–27.

Allstate, asserting diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on October 21, 2022. Doc. #1. Specifically, Allstate

alleges it is incorporated and has its principal place of business in Illinois; Sanders is a Mississippi citizen; and although Thimmes and the Agency "are citizens of, and incorporated to do business in the state of, Mississippi, their citizenship should be disregarded for purposes of determining the existence of diversity jurisdiction." *Id.* at 1–2, 3.

On November 9, 2022, Allstate filed a motion to dismiss the bad faith claim against it.[1] Doc. #10. Sanders filed a response.[2] Doc. #18. Allstate replied. Doc. #21. After briefing on the motion was complete, the Court severed and remanded Sanders' claims against Thimmes and the Agency based on its conclusion that they were improperly joined.[3] Doc. #22.

## II
## Standard

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Henley v. Biloxi H.M.A., L.L.C.*, 48 F.4th 350, 353 (5th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While the court must accept the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotation marks omitted).

## III
## Factual Allegations

Tara Sanders and her family moved into a dwelling at 206 Catalpa Street, Clarksdale,

---

[1] Allstate incorrectly filed the motion a second time as its memorandum brief, Doc. #11, but filed the correct document the next day at the Clerk of Court's direction, Doc. #13.

[2] In violation of the Local Rules, Sanders failed to file a separate memorandum brief with her response. L.U. Civ. R. 7(b)(4) ("Counsel for respondent must … file a response *and memorandum brief* in support of the response.") (emphasis added). In the interest of efficiency, the Court excuses such failure in this instance.

[3] As a result, the Court denied Sanders' motion to remand the entire case and denied without prejudice Allstate's earlier motion to dismiss. *See* Doc. #22 at 7.

Mississippi, in June or July 2021.  Doc. #2 at PageID 24.  Sanders "purchased insurance from Allstate for her home … for the following applicable policy period: September 9, 2021 to September 9, 2022."  *Id.* at PageID 23.  "The policy of insurance provided coverage that would indemnify [Sanders], up to the policy limits of coverage, for fire and fire-related damage to [the] dwelling and loss of personal property."  *Id.* at PageID 24.

"On or about October 24, 2021, the dwelling sustained severe fire and fire-related damage. The dwelling was a total loss[ and Sanders] and her family lost the vast majority of their personal property."  *Id.*  Sanders and her family resided in the dwelling at the time of the fire and the dwelling "had not been vacant or unoccupied for more than 30 consecutive days immediately prior to the fire."  *Id.*  Sanders "timely reported the loss to Allstate," "cooperated with the investigation performed by Allstate, its employees or agents," and "complied with each and every material term of the Allstate policy."  *Id.*  Although Sanders "repeatedly made demand for coverage/payment for the loss of her real and personal property," the "[d]efendants have steadfastly refused payment." *Id.*

**IV**
**Analysis**

Allstate asserts that "Count II of the Complaint for bad faith refusal to pay (and any related claimed damages) should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cognizable claim for which relief can be granted as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) and its progeny."  Doc. #13 at 1–2.  Specifically, Allstate argues that "[d]espite [Sanders'] characterization of [its] refusal to pay as 'steadfast,' the Complaint does not identify a basis for [its] refusal to pay, nor does it explain why the refusal allegedly lacked 'legitimate and arguable reason'" and "fails to explain which, if any, of Allstate's actions constituted bad faith."  Doc. #13 at 2, 4.

Sanders responds that Allstate investigated the fire for approximately 11 months, including exchanging "hundreds of pages of information" with her, before sending her a "detailed denial of claim letter;" because of this investigation, "Allstate is acutely aware of [her] allegations;" and she "set forth those allegations as to Bad Faith in Count II to the satisfaction of Fed. R. Civ. Proc. 8" so "Allstate is on notice of [her] claims and can adequately answer." Doc. #18 at 6.

Allstate replies that its "knowledge has no bearing upon [Sanders'] ability to state a cognizable claim" because it is Sanders who "is required to plead specific facts and apply them to the elements of the legal theories she asserts in order to state a claim for which relief can be granted." Doc. #21 at 2.

"In order to prevail on a bad faith claim against an insurer, the plaintiff must show that the insurer lacked an arguable or legitimate basis for denying the claims, or that the insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Estate of Greenwood v. Montpelier US Ins. Co.*, 326 So. 3d 459, 464 (Miss. 2021).[4] Though the complaint alleges Allstate lacked "a legitimate, arguable reason for the subject denial,"[5] it does not allege any *facts* to support that conclusory assertion. *See Shannon v. Vannoy*, 682 F. App'x 283, 284 (5th Cir. 2017) (per curiam) ("A complaint is insufficient if it merely recites the elements of a cause of action.") (citing *Iqbal*, 556 U.S. at 678). The complaint does not mention the alleged reason for the denial or why such amounts to bad faith by Allstate. *Cf. Williams v. Allstate Indemnity Co.*, No. 4:22-cv-79, 2022 WL 17254306, at *3 (N.D. Miss. Nov. 28, 2022) (finding plaintiff adequately alleged bad faith claim where complaint alleged insurer denied coverage based on property being vacant despite plaintiff providing evidence it was not). In the absence of such

---

[4] "When jurisdiction is based on diversity, [federal courts] must apply the substantive law of the forum state …." *Donahue v. Makar Installations, Inc.*, 33 F.4th 245, 249 n.5 (5th Cir. 2022).

[5] Doc. #2 at PageID 24.

facts, Sanders failed to adequately allege a bad faith claim and dismissal is warranted.

However, "[w]hile a court can dismiss a deficient pleading, it should provide *at least* one opportunity to cure pleading deficiencies before dismissing a case." *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (cleaned up). Because it is not clear the deficiencies identified here are incurable and because Sanders has not advised the Court she is unwilling or unable to amend in a manner that will avoid dismissal, Sanders will be allowed a period of time to seek leave to amend her complaint.

**V**
**Conclusion**

Allstate's motion to dismiss [10] is **GRANTED**. Within fourteen (14) days of the entry of this order, Sanders may seek leave to amend her complaint.[6]

**SO ORDERED**, this 16th day of March, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Should Sanders fail to seek leave to amend or if it is ultimately determined amendment would be futile, the bad faith claim will be dismissed with prejudice.